MARY E. POPE, Respondent, v. THE W. W. DUTTON COMPANY, Appellant.

Third Department, June 30, 1919.

Principal and agent — action for commissions — modification of contract — evidence — res gestæ.

Where in an action to recover commissions it appears that the plaintiff entered into a contract with the defendant under which she was to receive ten per cent commissions on all contracts for stones and monuments secured by her; that she was the moving cause in securing a contract for a mausoleum which the defendant being unable to perform turned over to another concern, and that the defendant claimed that the mausoleum was subject to a special contract made with the plaintiff at the time, it should be permitted to prove as a part of the *res gestæ* facts showing the contract and negotiations between it and the party who constructed the mausoleum, and its financial interests and profits therein, as bearing upon the probability of the modification of the contract with the plaintiff.

APPEAL by the defendant, The W. W. Dutton Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 21st day of October, 1918, upon the verdict of a jury for $700, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Arthur E. Bishop*, for the appellant.

*William Bentley* [*John J. Scully* with him on the brief], for the respondent.

JOHN M. KELLOGG, P. J.:

It is conceded that the defendant employed the plaintiff to solicit contracts for stones and monuments and she was to receive ten per cent upon all contracts secured by her. Plaintiff notified the defendant that she thought a mausoleum could be sold to one Barnet, and requested it to see him. Upon seeing Barnet the defendant discovered that it was a larger undertaking than it could enter upon, but induced him to hold the matter to enable defendant to communicate with Jones Brothers with the view of getting the contract for them, the defendant to do some of the work and to share

in some way in the profits. The defendant claims to have informed the plaintiff that it could not take so large a contract, but was trying to obtain it for Jones Brothers and that the competition was very severe on so large a contract and the profits would be small and it would be unable to pay her the commission agreed upon and they could not tell what profit they would receive, but would make a fair division with her, and claims that the plaintiff assented to this. The plaintiff denies that the contract was modified, and has recovered judgment for ten per cent of the contract price for the mausoleum.

The defendant offered to show its negotiation and contract with the Jones Brothers, and their agent, and the share it was to have for services rendered, and its financial interest in the contract. The court held those facts were immaterial, and the defendant's offer of testimony upon those subjects was excluded. Exception was taken to some of the rulings and others passed without exception. The fact remains, however, that apparently a great injustice has been done the defendant. It had the right to show those facts as part of the *res gestæ* as bearing upon the probability of the modification of the contract with the plaintiff. It is incredible that it would have entered upon the undertaking, agreeing to pay the plaintiff a commission of ten per cent, if it was not to receive that amount out of the undertaking. It was error to exclude those considerations from the jury. Apparently the plaintiff was the producing cause of the contract, but the defendant could not do the work and turned it over apparently to Jones Brothers with the plaintiff's consent. The plaintiff and her assistant say there was no agreement to accept less than the ten per cent. If the defendant's relations to the contract had been shown, it might have led the jury to believe that it was improbable that there was no modification of the understanding with the plaintiff.

For this error, and for the fact that the verdict is not fairly sustained by the evidence, the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed on the law and the facts and new trial granted, with costs to the appellant to abide the event. The court disapproves of the findings that the defendant agreed to pay ten per cent commissions upon the contract, and considers that the verdict is not fairly sustained by the evidence upon that matter.